> **Motion DENIED.**
>
> This the 26th day of November, 2014.
>
> /s/Louise W. Flanagan, U.S. District Judge

FILED

NOV 19 2014

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT

Eastern DISTRICT OF North Carolina

UNITED STATES OF AMERICA

    Respondent

vs.

Gabriele Secrest

    Petitioner/Movant

Case No: 5:10-CR-275-1-FL (EDNC)

## MOTION FOR CONCURRENT SENTENCING

COMES NOW, Gabriele Secrest, pro se, respectfully submitting a motion for concurrent sentencing of her federal case in the above referenced matter with her state term of imprisonment.

On or about 6-27-08, defendant was indicted, prosecuted, and sentenced for Felony Child Abuse; Indecent Liberty w/ Child resulting in a term of imprisonment of 14 months by the State authorities. See attached ~~Judgment of conviction~~ BOP documentation.

Shortly thereafter, defendant was indicted, prosecuted, and sentenced by federal authorities for charges consisting of Transportation of Child Pornography resulting in a term of imprisonment of 108 months.

Petitioner is currently serving the federal term of imprisonment at FCI Tallahassee, Florida.

### Argument

Concurrent sentencing functions to mitigate the possibility that separate prosecutions involving the same or overlapping "relevant conduct" will grossly increase a defendant's sentence. U.S Sentencing Guideline (USSG) § 5G1.3 (b) provides that "the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." See Witte v. United States, 515 U.S. 398, 132 L Ed 2, 351, 115 S. Ct. 2199 (1995).

"The central purpose of section 5G1.3, in short is to prevent duplicative punishment." See United States v. Austin, 239 F 3d 1, 6 (1st Cir. 2001).

It may even be used to reduce a federal sentence below the mandatory minimum. "District court could adjust mandatory minimum sentence imposed in accordance with federal drug statute to reflect time served undischarged state sentence, not withstanding government's contention that such adjustment was unauthorized and would result in sentence lacking mandatory minimum prescribed by statute, in as much as adjusted sentence imposed for totality of defendant's conduct amounted to sentence intended by drug statute", USSG § 5G1.3. See United States v. Rivers, 329 f 3d 119, 120 (2nd Cir. 2003). The BOP could not make this argument as that time had already been "credit against another sentence" –specifically the state sentence. Id. At 121, n. 1.

Under statutory law and guidelines, a district court has the discretion to make a federal sentence concurrent with other terms of imprisonment. See United States v. Dorsey, 166 F 3d 558 (3rd Cir. 1999). United States v. Hill, 70 F 3d 321, 324 (4th Cir. 1995), held "concurrent sentencing under § 5G1.3 (b) protected [defendant] against having the length of his/her sentence multiplied by duplicative consideration of the same criminal conduct". The Fifth Circuit in United States v. Rangel, 319 F 3d 710, 714 (5th Cir. 2003), held that "Section 5G1.3(b) is mandatory, thus it requires concurrent sentencing if "the undischarged term of imprisonment resulted from offence(s) that have been fully taken into account in the determination of the offense level for the instant offence".

United States v. Clark, 385 F 3d 609 (6th Cir. 2004), held it was an abuse of discretion to impose consecutive sentences without considering statutory factors. United States v. Johnson, 324 F 3d 875, 878, n. 1 (7th Cir. 2003), has held "Guideline §5G1.3 attempts to prevent the Government from taking advantage of multiple prosecutions to get longer total punishments". United States v. Kiefer 20 f 3d 874, 985-86 (8th Cir. 1994), has held that sentencing court has authority under section §5G.13 (b) to grant a defendant credit on his federal sentencing, in state custody on a related state charge.

United States v. Chea, 231 F 3d 531, 538 (9th Cir. 2000), has held "under the post-amendment version of §5G1.3, the district courts are 'required' to consider the enumerated factors and determine a reasonable punishment". United States v. Contreras-Martinez, 409 F 3d 1236, 1239 (10th Cir. 2005), has held, "U.S.S.G. § 5G1.3 (b)'s central aim is to ensure no defendant is punished twice for the same crime". United States v. Descally, 254 F 3d 1328, 1332-33 (11th Cir. 2001), has held, "Upon review, we adopt the reasoning of the Third Circuit in Dorsey and we agree 'the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offence'".

WHEREFORE, _Gabriele Secrest_ requests that her federal sentence be run concurrently to her state sentence.

Respectfully Submitted,

_Gabriele Secrest_
Reg. No.: 54802-056
FCI Tallahassee
501 Capital Circle N.E.
Tallahassee, Florida 32301

Date: _November 6, 2014_